IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles Anderson, | ) |
| Plaintiff, | ) Civil Action No. 6:19-cv-02747-TMC |
| vs. | ) |
| Major Director McGhaniey; Capt. Mrs. Lumpkins; Chief Major Gardener; Sgt. Mrs. Richardson; Capt. Mrs. Blandin; Sumter Lee Regional Detention Center; Quality Correction Health Care; Lt. McMillian; Sheriff Anthony Dennis; and Sgt. Gaymon, | ) **ORDER** |
| Defendants. | ) |

The plaintiff, Charles Anderson ("Plaintiff"), a pre-trial detainee proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983, alleging violations of his Constitutional rights. (ECF No. 4). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the action without prejudice. (ECF No. 14). In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See id*. Plaintiff filed objections to the Report. (ECF No. 16). This matter is now ripe for review.

## BACKGROUND

Plaintiff filed his Complaint initiating this action on October 10, 2019. (ECF No. 4). In his Complaint, Plaintiff alleges multiple violations of his constitutional rights by defendants and seeks damages based on alleged unconstitutional conditions at the Sumter Lee Regional Detention

1

Center (the "Detention Center"). *See generally id*. A few months before filing this action, however, Plaintiff also filed a complaint in the Beaufort Division of this court also alleging violation of his constitutional rights based on almost identical facts as those alleged in this Complaint. *See Anderson v. Sumter Lee Reg'l Det. Ctr., et al.*, C/A No. 9:19-cv-2086-HMH-BM (D.S.C.), (ECF No. 1) [*hereinafter* "Beaufort Case"].[1]

On October 23, 2019, the magistrate judge issued a Report concluding that this case is duplicative of and parallel to the Beaufort case and, therefore, should be dismissed. (ECF No. 14 at 4–5). The Report also noted that "liberally construed, the plaintiff's complaint includes a request to bring the instant action on behalf of all the 'max inmates' at the Detention Center[.]" *Id.* at 4. However, because "a prisoner cannot file or maintain a lawsuit on behalf of others[,]" the Report recommended the Complaint be dismissed to the extent it seeks to bring claims on behalf of any other inmates. *Id*.

On October 30, 2019, Plaintiff filed his objections to the Report. (ECF No. 16). Although the bulk of Plaintiff's objections simply repeat the factual allegations in his Complaint, Plaintiff does set forth two specific objections to the Report: (1) Plaintiff clarifies that he is not seeking to bring claims on behalf of any other prisoners in the Detention Center; and (2) Plaintiff acknowledges that his Beaufort Case is pending, but argues this action is not duplicative, because he did not name Sumter Lee Regional Detention Center Administration (the "Administration") as a defendant in the Beaufort case. *Id*. at 1–3.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423

---

[1] The court takes judicial notice of this prior pending action. *See Capelton v. Warden*, 670 Fed. App'x 94, 94 (4th Cir. 2016) (noting that courts "may take judicial notice of court records").

U.S. 261, 270–71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).  "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

## DISCUSSION

The magistrate judge's Report recommends dismissing this action because Plaintiff already has another action pending in the Beaufort Division, raising the same claims and allegations.  *See* (ECF No. 14 at 4–5).  Liberally construed, Plaintiff's only objection in response to this finding is that the cases are not duplicative because he "forgot to add the [Sumter Lee Regional Detention Center Administration" as a defendant in the Beaufort Case.  (ECF No. 16 at 2).

"The Fourth Circuit recognizes the 'first-filed' rule, which gives priority to the first suit filed absent a balance of convenience favoring the second filed." *Nexsen Pruet, LLC v. Westport Ins. Corp.*, C/A No. 3:10-895-JFA, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) (citing *Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n.2, 181 (4th Cir. 1974)).  Pursuant to this rule, "a case pending in federal court may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal

court." *Id*. (quoting *Motley Rice, LLC v. Baldwin & Baldwin, LLP*, 518 F. Supp. 2d 668, 697 (D.S.C. 2007) (internal quotation marks omitted). Two federal actions are parallel "'if substantially the same parties litigate substantially the same issues in different forums.'" *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017) (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)).

Plaintiff does not challenge that the claims and allegations raised in his complaint in the Beaufort Case are practically identical to those at issue in this action. *See generally* (ECF No. 16); c*ompare* (ECF No. 4), *with* (Beaufort Case, ECF No. 1). Further, the court finds no clear error in the magistrate judge's finding that both lawsuits seek to litigate "substantially the same issues in different forums." *vonRosenberg*, 849 F.3d at 168.

As to whether the actions involve the same parties, Plaintiff argues the lawsuits are distinct because he named the Administration as a defendant in this case, but not in the Beaufort Case. (ECF No. 16 at 2). However, Plaintiff has not named the Administration in this case.[2] *See* (ECF No. 4). Moreover, upon a thorough review of Plaintiff's filings in both this action and the Beaufort Case, the court finds that all but three of the defendants in this case have also been named or identified as potential defendants in the Beaufort Case. The complaint in the Beaufort Case names the Detention Center and Quality Correctional Health Care, both also named as defendants in this action. Additionally, in his objections to a Report and Recommendation in the Beaufort Case

---

[2] On September 23, 2019, Plaintiff originally filed his claims jointly with another prisoner, Michael Johnson, in *Johnson v. Sherrif Anthony Dennies, et al.*, No. 6:19-cv-02681-TMC-KFM (D.S.C. 2019). On September 26, 2019, the magistrate judge to whom the case was referred issued an order severing Plaintiff's claims from Mr. Johnson's, noting that they raise separate and distinct constitutional violations, and ordering Plaintiff to file a new Complaint. *Johnson*, No. 6:19-cv-02681-TMC-KFM, dkt. entry 5 (D.S.C. Sept. 26, 2019). Pursuant to the magistrate judge's order, Plaintiff filed his Complaint on October 10, 2019 and the Clerk of Court assigned a new civil action number to Plaintiff's action. *See* (ECF No. 1, 4). However, Plaintiff's Complaint does not name all the defendants who had been named in his original filing with Mr. Johnson, including the Administration. Because the operative pleading before the Court is Plaintiff's individual Complaint filed in this action, he cannot rely on his joint pleading with Mr. Johnson in a severed action, which names the Administration, to distinguish the instant matter from Plaintiff's Beaufort Case, which—like this case—fails to name the Administration.

recommending the Detention Center be dismissed, Plaintiff named specific individuals he had intended to sue by naming the Detention Center, including Major Director McGhaniey, Captain Lumpkins, Chief Major Gardener, Captain Blanding,[3] and Sheriff Anthony Dennis. *See* (Beaufort Case, ECF No. 22 at 1–2).[4] Accordingly, the court finds that Plaintiff has named or intends to name substantially the same defendants in this action as in the Beaufort Case. Therefore, having thoroughly reviewed the Report and docket entries in this case and the Beaufort Case, the court finds no reason to deviate from the Report's recommendation that this action be dismissed as duplicative of and parallel to the Beaufort Case.

The court adopts in part the Report of the magistrate judge (ECF No. 14) and incorporates it herein. It is therefore **ORDERED** that Plaintiff's action be **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
November 26, 2019

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] Captain Blanding's name is misspelled as "Blandin" in Plaintiff's Complaint in this case. *See* (ECF No. 4 at 4).

[4] Thus, the only remaining defendants in this action who have not been named or identified as potential defendants in the Beaufort Case are Sgt. Mrs. Richardson, Lt. McMillian, and Sgt. Gaymon. The court further notes that Plaintiff makes no specific allegations as to Sgt. Richardson or Lt. McMillian, and the only allegation against Sgt. Gaymon is that he took Plaintiff's towel and washcloth. (ECF No. 4-1 at 11).